UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APERION CARE, INC. and ACI EQUITIES, LLC, <br><br> Petitioners, <br><br> v. <br><br> SENWELL SENIOR INVESTMENT ADVISORS, <br><br> Respondent. | No. 22 C 3120 <br><br> Judge Sara L. Ellis |

## ORDER

The Court denies Respondent Senwell Senior Investment Advisor's motion to dismiss [10]. See statement.

## STATEMENT

Petitioners Aperion Care, Inc. and ACI Equities, LLC. (collectively, "Aperion") bring a motion, pursuant to 9 U.S.C. § 10, seeking an order vacating the interim and final arbitration awards in favor of Respondent Senwell Senior Investment Advisors ("Senwell"). Senwell now moves to dismiss the petition on the basis of untimely and improper service. For the following reasons, the Court denies Senwell's motion.

"Notice of a motion to vacate, modify, or correct an [arbitration] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12; *ARCH Dev. Corp. v. Biomet, Inc.*, No. 02 C 9013, 2003 WL 21697742, at *3 (N.D. Ill. July 30, 2003) ("Accordingly, if a party fails to serve notice of its court filing on the adverse party within three months after the award was issued, the motion *must* be dismissed as untimely." (emphasis added)). Regarding the method of service, the Federal Arbitration Act specifies, "[i]f the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 12.

On March 16, 2022, an arbitrator entered an award in favor of Senwell and against Aperion and, on that date, emailed the parties the award. On June 14, 2022, Aperion emailed Senwell's counsel notice of its motion to vacate the arbitration award, and on the same day a process server posted the motion papers at the home of Senwell's registered agent and at the home of one of its principals. The three-month notice period under 9 U.S.C. § 12 expired on June 16, 2022. The parties conducted the arbitration in Indiana. Senwell is a citizen of and has its principal place of business in Ohio.

The parties agreed to arbitrate their differences in accordance with the rules of the American Arbitration Association, in particular American Arbitration Association Commercial Arbitration Rule 43, which permits service by email if the parties agree. *See* Doc. 1-1 at 81 ("Agreement") ("Any controversy or claim arising out of, or relating in any way to, this Agreement or the alleged breach thereof shall be resolved by arbitration in accordance with the rules of the American Arbitration Association[.]"); Doc. 13 at 13 ("Arbitration Rule 43") ("Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, or for any court action in connection therewith, . . . may be served on a party by mail . . . . Where all the parties and the arbitrator agree, notices may be transmitted by e-mail[.]").

The parties agreed to email service and regularly communicated among themselves and served documents via email. *See* Doc. 13 at 17 (email confirming pre-arbitration administrative call, stating: "Electronic Correspondence and WebFile: The AAA prefers all correspondence and/or filings be submitted electronically. For your convenience, you may email any filings to the other side with a copy to the AAA[.]"); Doc. 1-1 at 530 (AAA Scheduling Order, ¶ 12 "Communication": "The parties agree to participate in Accelerated Exchange . . . The parties may communicate directly with the Arbitrator by submitting documents to the Arbitrator via email at [email address] and also [by] sending copies to the other party . . .").

Senwell now moves to dismiss the petition on the basis that it never consented to email service in the current matter and therefore notice was untimely, and on the basis that it is a non-resident and never received service via U.S. Marshal.

A district court will enforce the governing rules to which arbitrating parties have agreed. *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 573 (7th Cir. 2007) (interpreting the date of delivery as defined in the FAA rules, explaining: "After all, under the FAA the parties are free to agree to any governing rules, and the courts will enforce whatever system they choose."). Here, the parties agreed to and conducted the arbitration with email service. Because Senwell consented to electronic service in the arbitration, Aperion's email service of the notice to vacate was proper and timely. *See Corinthian Colleges, Inc. v. McCague*, No. 09 C 4899, 2010 WL 918074, at *2 (N.D. Ill. Mar. 4, 2010) ("Because McCague's counsel had consented to electronic service in the AAA arbitration proceeding, Corinthian's notice was timely."); *see also Day & Zimmerman, Inc. v. SOC-SMG, Inc.*, No. CIV.A. 11-6008, 2012 WL 5232180, at *4 (E.D. Pa. Oct. 22, 2012) (finding email service sufficient, explaining: "Here, the underlying arbitration spanned over two years, during which time email was used as the parties' primary mode of communication without fault. The Court can find no reason why this same agreement should not apply to the present litigation since the action directly involves the Arbitration, regardless of the parties chosen venue.").

Senwell argues that because it did not consent in writing to electronic service in federal court, under Federal Rule of Civil Procedure 5 service was improper and cites two Second Circuit cases and a Northern District of Georgia case in support. *See, e.g.*, *Dalla-Longa v. Magnetar Cap. LLC*, 33 F.4th 693, 696 (2d Cir. 2022) ("But even assuming the parties did agree to email service in the arbitration, that agreement did not constitute Magnetar's written consent to service of papers by email in a subsequent lawsuit brought in federal court to vacate the

arbitration award. Absent that written consent, Dalla-Longa's email did not effect service under Federal Rule of Civil Procedure 5, and he thus failed to serve notice of the petition within the FAA's strict three-month limitations period."); *O'Neal Constructors, LLC v. DRT Am., LLC*, 440 F. Supp. 3d 1396, 1402 (N.D. Ga. 2020), *aff'd in part, appeal dismissed in part*, 991 F.3d 1376 (11th Cir. 2021) (explaining, "the adequacy of service under § 12 is determined by referencing Rule 5, as the FAA incorporates the Federal Rules of Civil Procedure whenever the rules do not conflict with the FAA's specific statutory provisions." (citing Fed. R. Civ. P. 81(a)(6)(B))). However, the Court need not look to the Federal Rules when the AAA rules plainly allow the parties to consent to email service and the parties did so. *See Webster*, 507 F.3d at 571–73 (refusing to find that the Federal Rules supersede when the FAA specifies procedures and looking to the AAA rules to define "delivery" of award under the statute).

Senwell also argues that other Circuits and courts have strictly construed the non-resident Marshals service requirement. *See, e.g.*, *Broome v. Am. Fam. Life Assurance Co. of Columbus*, No. 20-2852, 2021 WL 5355937, at *2 (3d Cir. Nov. 17, 2021) (finding, "the District Court's dismissal of the Complaint was proper based on non-compliance with the FAA"); *Red Spark, LP v. Saut Media, Inc.*, No. 2:21-CV-00171-JDW, 2021 WL 1061205, at *1 (E.D. Pa. Mar. 19, 2021) (ordering Marshals to serve petition to vacate, considering statutory construction and interplay of FAA and F.R.C.P. 4); *PTA-FLA, Inc. v. ZTE USA, Inc.*, No. 3:11-CV-510-J-32JRK, 2015 WL 12819186, at *8 (M.D. Fla. Aug. 5, 2015), *aff'd*, 844 F.3d 1299 (11th Cir. 2016) (rejecting the argument that F.R.C.P. 4 supersedes Section 9 (notice of award application))*; Logan & Kanawha Coal Co., LLC v. Detherage Coal Sales, LLC*, 789 F. Supp. 2d 716, 719 (S.D.W. Va. 2011) (finding Marshals service required; collecting cases); *Nu-Best Franchising, Inc. v. Motion Dynamics, Inc.*, No. 805CV507T27TGW, 2006 WL 1428319, at *6 (M.D. Fla. May 17, 2006) ("Here, it is undisputed that Defendants are not residents of the Middle District of Florida. Accordingly, § 12 expressly addresses the manner of serving notice of motion to vacate, which does not authorize service by mail, fax or CM/ECF. Accordingly, the Federal Rules of Procedure (including the Local Rules) relating to service are inapplicable."). The Court acknowledges those cases, while noting that none of them directly address the issue of how email service, once agreed to in the underlying arbitration, might affect the Marshal service requirement. Because the Seventh Circuit directs enforcement of the arbitration rules agreed to by the parties and following the lead of another court in our district, the Court finds that Aperion properly and timely served Senwell by email on June 14, 2022.

Because the parties agreed to email service in the underlying arbitration, the Court will not dismiss Aperion's motion to vacate the arbitration award on the basis of untimely or improper service. The Court denies Senwell's motion to dismiss [10].

Date: October 17, 2022 /s/ _____