UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Aperion Care, Inc. and ACI Equities, LLC | ) | Case No. 22 C 3120 |
| | ) | |
| Plaintiffs, | ) | Judge Sara L. Ellis |
| | ) | |
| v. | ) | **JUDGMENT ENTRY AGAINST** |
| | ) | **APERION CARE, INC. AND ACI** |
| Senwell Senior Investment Advisors, | ) | **EQUITIES, LLC** |
| | ) | |
| Defendant. | ) | |

\* \* \*

Pursuant to this Court's Opinion and Order dated February 6, 2023 [ECF #31], confirming the Interim Award and Order (dated February 25, 2022) and Final Award and Order (dated March 16, 2022) of the American Arbitration Association Commercial Arbitration Tribunal, Case No. 01-21-0002-1433 (attached hereto as Exhibit A), the Court hereby enters judgment in favor of Senwell Senior Investment Advisors and against Aperion Care, Inc. and ACI Equities, LLC in the total, combined amount of **One Million Eight Hundred Seventy-Five Thousand Five Hundred Fourteen and 48/100 Dollars ($1,875,514.48),** as follows:

1. Damages in the amount of One Million Two Hundred Ten Thousand Dollars ($1,210,000.00), along with interest accruing on that amount at 18% per annum (computed to equal $596.71 per day), from November 1, 2020 through March 9, 2023 in the amount of $511,979.18;

2. Attorney fees and expenses in the amount of One Hundred Thirty Thousand Seven Hundred Ten and 30/100 Dollars ($130,710.30); and

3. Arbitration and Administrator Fees in the amount of Twenty Two Thousand Eight Hundred Twenty-Five Dollars ($22,825.00).

The Court shall issue further judgment entries to address additional matters upon written motion, including but not limited to: (1) the award of additional attorneys' fees and related litigation expenses to Senwell Senior Investment Advisors incurred in connection with this action; (2) additional interest that has accrued through the date of final payment; (3) costs of court; and (4) any other relief the Court deems reasonable and appropriate.

**IT IS SO ORDERED**.

\_\_\_March 24, 2023\_\_  
Date

_____  
Judge Sara L. Ellis

# EXHIBIT A

**AMERICAN ARBITRATION ASSOCIATION**
**COMMERCIAL ARBITRATION TRIBUNAL**

SENWELL SENIOR INVESTMENT ADVISORS,

    Claimant,                    Case No.: 01-21-0002-1433

    v.

APERION CARE, INC. AND ACI EQUITIES, INC.,

    Respondents.

### FINAL AWARD AND ORDER

**I**, **THE UNDERSIGNED ARBITRATOR, Michael P. Bishop,** having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated November 7, 2019, and having been duly sworn, and having duly heard the proofs and allegations of the Claimant represented by Shumaker Loop & Kendrick, LLP, and the Respondents represented by Gutnicki LLP, and the Arbitrator having considered same, does hereby, **FIND** and **AWARD,** as follows:

On February 25, 2022, this Arbitrator entered his Interim Award and Order, awarding Senwell damages in the amount of $1,210,000.00, along with interest accruing on that amount at 18% per annum (computed to equal $597.71 per day), from November 1, 2020, which is the date the Crown transaction closed, until the date the damages are paid in full. This Arbitrator also determined that Senwell was entitled to an award of costs, expenses, and reasonable attorney fees pursuant to Paragraph 3 Audit of the Agreement. Senwell was provided an opportunity to submit its application for costs, expenses, and attorney fees, to include an affidavit of its counsel, Gregory H. Wagoner, attesting to their reasonableness and necessity, along with any itemized statements. On March 7, 2022, Senwell submitted the Declaration of Gregory H. Wagoner along with the

requested information. On March 14, 2022, Aperion submitted its Objection to Interim Fee Award and Attorney Fee Declaration (the "Objection").

In Aperion's Objection, it contends that, despite its claim to the contrary in its counterclaim and Post-Hearing Memorandum, Paragraph 3 Audit of the Agreement does not allow for an award of attorney fees. In the Interim Award and Order, this Arbitrator construed Paragraph 3 Audit of the Agreement and the phrase "shall pay the compensation and all costs associated with the audit." This Arbitrator concluded that since Senwell was successful on the audit that showed that the Crown purchase came within the compensation provisions of the Agreement, and that Senwell was required to pursue the Arbitration Proceedings through the issuance of an award, it was entitled to its costs, expenses, and attorney fees. Had Senwell failed in this endeavor, Aperion would have been entitled to the same relief from Senwell under Paragraph 3 of the Agreement. Accordingly, Aperion's request in the Objection to strike the award of costs and attorney's fees is **DENIED.**

In the unopposed Declaration of Gregory H. Wagoner, he outlines the way members of his law firm established the hourly rates charged in the Arbitration Proceedings. This Arbitrator finds that based upon his experience with and knowledge of the hourly rates charged by attorneys in Indiana engaged in similar arbitration claims, the hourly rates charged by Mr. Wagoner's law firm, Shumaker, Loop & Kendrick, LLP ("Shumaker"), are fair and reasonable.

Additionally, attached as Exhibit A to Mr. Wagoner's Declaration is a summary of the fees and expenses charged to Senwell in these Arbitration Proceedings, and Exhibit B are the Shumaker detailed billing invoices and reports. After a review of these detailed billing invoices and reports, this Arbitrator finds that the fees and expenses charged by Shumaker to Senwell in the Arbitration Proceedings, which total $130,710.30, are reasonable and necessary. Accordingly, this Arbitrator

2

concludes that Senwell is entitled to the sum of $130,710.30, for attorney fees and costs incurred in these Arbitration Proceedings.

Finally, Mr. Wagoner's Declaration details the AAA administrative fees and arbitrator fees charged to and paid by Senwell in the amount of $20,475.00. After the submission of Mr. Wagoner's Declaration, and the submission of the arbitrator's final invoice thereafter, the AAA has determined that the administrative fees and expenses of the AAA totaled $32,350.00, and the compensation and expenses of the arbitrator totaled $13,300.00. Accordingly, this Arbitrator concludes that Senwell is entitled to the sum of $22,825.00 for administrative fees and arbitrator fees charged to Senwell.

**IT IS THEREFORE ORDERED ADJUDGED AND DECREED** that Claimant, Senwell Senior Investment Advisors, is awarded attorney fees and expenses in the amount of $130,710.30, and administrative fees and arbitrator fees in the amount of $22,825.00.

This award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

DATE: March 16, 2022.

                                          */s/ Michael P. Bishop, Arbitrator*
                                          Michael P. Bishop